# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0548V
(not to be published)

| | |
|---|---|
| GINA M. TYLER,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: September 27, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Administrative Time |

*Richard H. Moeller*, Moore, Heffernan, et al., Sioux City, IA, for Petitioner.

*Martin Conway Galvin*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 4, 2020, Gina M. Tyler filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration, a defined Table injury, after receiving the influenza vaccine on October 11, 2018. Petition at 1, ¶¶ 4, 47. On July 21, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. ECF No. 62.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated July 22, 2022, (ECF No. 66), requesting a total award of $54,208.04 (representing $52,741.00 in fees and $1,467.04 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she not incurred no out-of-pocket expenses. ECF No. 68 at 2. Respondent reacted to the motion on August 8, 2022, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring calculation of the amount to be awarded to my discretion. Petitioner filed her reply on August 15, 2022, requesting "the court to proceed to a consideration of and decision on the motion at this time." ECF No. 70.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

2

## ATTORNEY FEES

A. <u>Hourly Rates</u>

For attorney Richard Moeller, Petitioner requests the following rates: $300 per hour for time billed in 2019; $341 per hour for time billed in 2020; $363 per hour for time billed in 2021; and $379 per hour for time billed in 2022. (ECF No. 66-1 at 1-38). These rates have been previously reviewed in other cases and deemed appropriate, and I shall therefore utilize them herein.

B. <u>Administrative Time</u>

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 1.9 hours was billed on tasks considered administrative including, receiving faxes, paying invoices and scanning records. Examples of the tasks include:

- January 13, 2022 (0.10 hrs) "Receive a fax from Yale New Haven Hospital Radiology for a prepayment of $20.00 for CD. Give the KP to handle";

- January 16, 2020 (0.10 hrs) "Pay in the invoice for NEMG for $231.25 online at MRO";

- January 28, 2020 (0.40 hrs) "Receive records from Yale New Haven and prepare them as an exhibit; email RHM";

- February 19, 2020 (0.10 hrs) "Receive fax from Connecticut GI for prepayment; will contact them tomorrow to pay";

- March 19, 2020 (0.10 hrs) "Receive prepayment from Lawrence + Memorial for Flanders Rehab and give to MK to handle"; and

3

- August 7, 2020 (0.10 hrs) "Receive a fax from MRO for prepayment of $12.35; pay online."

(ECF No. 66-1 at 3,4,6,9 and 13).

Because the Program does not reimburse time spent on such administrative tasks, I will reduce the amount of fees to be awarded by **$1,235.50**.[3]

### ATTORNEY COSTS

Petitioner is requesting $1,467.04 in overall costs, including but not limited to medical records, shipping, and the Court's filing fee. (ECF No. 44-2 at 2). I have reviewed all the requested costs and find them to be reasonable, I award the requested amount in full.

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$52,972.54** (representing $51,505.50 in fees and $1,467.04 in costs) as a lump sum in the form of a check jointly payable to Petitioner and **Moore, Corbett, Heffernan, Moeller & Meis, L.L.P.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] This amount consists of ($95 x 9.3 hrs = $883.50) + ($110.x 3.2 hrs = $352) = $1,235.50.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.